Daniel, J.
The only question presented by the appellant, in his petition, and discussed by counsel *495 here, is whether or no, the order or decree of February 1844 overruling his plea alleging that he had been discharged as a bankrupt, pursuant to the act of congress, establishing a uniform system of bankruptcy, was erroneous.
The fact that the appellant is one of the' sureties in the official bond of a public officer, and that the information was filed for the purpose of charging said officer and his sureties by virtue of said bond, with the amount of an alleged defalcation of the former, forms of itself, as I conceive, no objection to the validity of the defence presented by the plea. The debt sought to be recovered, it is true, may, in some sense, be said to be the consequence of the defalcation of a public officer. But .the words of the first section of the act, “ All persons &c. owing debts which shall not have been created in consequence of a defalcation as a public officer,” &c. have, I think, been very properly construed as designed to withhold only, from the defaulting officer, &c.'the benefit of the act. United States v. Davis, 3 McLean’s R. 483. It is there said that the exception against, a defaulting officer is personal, and is intended to withhold from him a benefit given to others, because he is a defaulter. He has not discharged his duty faithfully to the public, and he is, therefore, excluded from a discharge for a debt thus incurred. But the policy of the exception does not extend to the innocent surety. He is guilty of no default, and is not censurable for the responsibility incurred; and there is, therefore, no reason why he should be. denied a benefit extended'to other debtors.
There is another ground, however, on which the action of the chancellor in overruling the plea must be sustained. This is a suit by the state against one of its debtors, and nothing is found in the.act of 1841 manifesting a purpose to subject the states to its provisions. The language employed in some -of the sec *496 tions in reference to the debts, and the creditors to be affected by the act, are broad enough to embrace the states. But I apprehend that a law of this kind will not be construed as intended to bind a state, unless the intent be manifested by express words or irresistible implication. The same policy which protects a state from the consequences attached to laches, and denies all validity to a plea of the statute of limitations when interposed to bar a public claim, would seem to apply to a plea of discharge under a bankrupt law. And in eases arising under the statutes of limitations, it has been well settled by numerous decisions, that, in England, debts due to the crown, and in this country, debts due to the commonwealth, are not within the statutes unless expressly named. This exemption in favor of the crown and of the states is placed on the ground that the legislature shall not be taken to have postponed the public right to that of an individual except in cases where such purpose has been most plainly manifested. McKehan v. Commonwealth, 3 Barr’s R. 151; Commonwealth v. Johnson, 6 Barr’s R. 136; United States v. Davis, 3 McLean’s R. 483; 1 Watts’ R. 55; Kemp v. Commonwealth, 1 Hen. & Munf. 85; Nimmo's executor v. Commonwealth, 4 Hen. & Munf. 57.
There are not wanting, however, authorities bearing directly on the question in hand. In an anonymous case reported in 1 Atk. R. 261, where a petition had been filed on behalf of a bankrupt to be discharged from a commitment under an extent of the crown, he having surrendered himself to the commissioners and conformed himself according to the aets of parliament relating to bankrupts, it was decided by the lord chancellor, that the crown was not within the statutes of bankrupts, and therefore that the petitioner could not bé discharged from a commitment on behalf of the crown. And Eden, in his work on the bankrupt law, in treating of the effect of an extent' on the property *497 of the bankrupt, says, on the authority of a case in Strange, (to which I have not had it in my power to refer,) that the extent binds the property if issued at any time before actual assignment, because till then the legal property is not out of the bankrupt; and though in the case of a subject the assignment when executed vests the property in the assignees by relation to the act of bankruptcy, so that no lien can be acquired in the mean time, yet as the crown is not bound by the bankrupt acts, such relation does not operate to its prejudice. In 2 Comyn’s Dig. 146, the general proposition is asserted that a bankrupt’s certificate does not discharge him from a debt due to the crown, because the statutes of bankrupts do not bind the crown. And in the case of Commonwealth v. Hutchinson, 10 Barr’s R. 466, the precise question before us was presented on a plea of discharge under the act of 1841; and the court held that the discharge could not protect the bankrupt from the demand of the commonwealth. The court said that the same principle which had been so often asserted with respect to the statute of limitations, applied with full force to the bankrupt law; that the commonwealth was not named in the act, and therefore was not bound.
The force of the presumption, arising from a failure to name the states, that it was not the intention of congress to bind them by the act, is much enhanced by the consideration that provision is made in the act for the manner in which debts, due by the bankrupt to corporations, are to be proved; the 5th section providing that corporations to whom any debts are due may make proof thereof by their president, cashier, treasurer or other officer, who may be specially appointed for that purpose. If it had been the purpose of congress to bind the states by the act, the propriety of some similar provision for the agency by which the debts due to them should be proved, could not have *498 failed to present itself; and the total absence of any like provision in reference to the states furnishes of itself a strong argument to show that they are not within the contemplation of the act.
Entertaining the opinion, in which I understand the other judges of the court to concur, that the act discloses no purpose on the part of congress to bind the states by its provision, I have not thought it necessary to enquire how far it might be within the constitutional power of congress, by an act plainly indicating such an intent, to interpose the bar of bankruptcy between a state and its debtors. And as the commonwealth made no offer to prove its debt, on the proceedings instituted by the appellant for his discharge, I deem it equally unnecessary to enquire how far such a step if taken might have affected the right of the commonwealth to recover in the information before us.
I think that the order overruling the plea was right, and that the decree should be affirmed.
The other judges concurred in the opinion of Daniel, J.
Decree affirmed.